UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| U.S. ENERCORP, LTD., | § § | |
| Plaintiff, | § § | Cv. No. SA:12-CV-01231-DAE |
| vs. | § § § | |
| SDC MONTANA BAKKEN EXPLORATION, LLC; VAL VERDE INVESTMENTS, LLC; AND RINGO SHAPIRO, | § § § § § § | |
| Defendants. | § | |

ORDER DENYING WITHOUT PREJUDICE MOTION TO WITHDRAW

Before the Court is a Motion to Withdraw as Counsel filed by the law firm of Beirne, Maynard & Parsons, L.L.P., Scott D. Marrs, and John G. George, Jr. (hereinafter "Movants"). Movants are Counsel-of-Record for Defendants SDC Montana Bakken Exploration, LLC; Val Verde Investments, LLC; and Ringo Shapiro (collectively, "Defendants"). (Doc. # 28.)

Local Rule AT-3 governs attorney withdrawal. It provides:

> An attorney seeking to withdraw from a case must file a motion specifying the reasons for withdrawal and providing the name and office address of the successor attorney. If the successor attorney is not known, the motion must set forth the client's name, address, and telephone number, and must bear either the client's signature or a detailed explanation why the client's signature could not be obtained after due diligence.

1

In their Motion, Movants explain that Defendants (their clients) are also represented by The Taillieu Law Firm and its attorneys Olivier A. Taillieu and Raffi V. Zerounian, who have been admitted to practice *pro hac vice* in this Court. Olivier A. Taillieu is the attorney-in-charge for Defendants in this lawsuit. (Doc. # 28 ¶ 1.) The Taillieu Law Firm is located in Beverly Hills, California; Movants, whose office is in San Antonio, are currently Defendants' local counsel.

Movants claim that they informed Defendants of their intention to file this Motion and that Defendants subsequently indicated that they had secured new local counsel. (Id.) To date, however, Defendants have not substituted new local counsel. (Id.)

Movants have not "specif[ied] the reasons for withdrawal" as required by Rule AT-3; they state only that "Defendants were made aware of [Movants'] intent to file the motion to withdraw." (Doc. # 28 ¶ 1.) Neither have Movants identified "the successor attorney" or attorneys who will serve as local counsel for Defendants if Movants are permitted to withdraw. Accordingly, under Rule AT-3, Movants were required to "set forth the client's name, address, and telephone number." Movants have provided their clients' names and addresses but not, as required by Rule AT-3, their clients' phone numbers.

Finally, Rule AT-3 requires Movants to obtain "the client's signature or a detailed explanation why the client's signature could not be obtained after due

diligence." Movants did not obtain their clients' signatures, and they have not provided a detailed explanation of why those signatures could not be obtained. Movants do not state that they have been unable to get in contact with their clients; they state only that they have made "several attempts" to resolve the matter and that "Defendants and [Movants] have not been able to reach an agreement on this issue." (Id. ¶ 3.)

Attorneys are normally expected to work through the completion of a case and may only withdraw by leave of court upon a showing of good cause and reasonable notice to the client. In the Matter of Wynn, 889 F.2d 644, 646 (5th Cir. 1989). Whether leave is granted is a matter within the trial court's sound discretion. Id. at 646. The record must generally reflect an appropriate basis for granting leave; unsubstantiated claims are insufficient. Cf. Streetman v. Lynaugh, 674 F. Supp. 229, 235 (E.D. Tex. 1987) (denying attorney's motion to withdraw where the attorney made only unsupported claims of a conflict of interest). In this case, Movants have stated only that Defendants were made aware of Movants' desire to withdraw and that the parties have not been able to reach an agreement on the matter. These conclusory statements do not provide a sufficient basis for the Court to grant withdrawal. See F.T.C. v. Intellipay, Inc., 828 F. Supp. 33, 34 (S.D. Tex. 1993) (denying a motion to withdraw where the attorney failed to elaborate on his claim that there was a lack of communication with his clients).

Furthermore, the fact that Movants "have not been able to reach an agreement" with their clients suggests that the clients oppose the Motion, in which case Movants must provide the Court with an even more compelling reason to permit withdrawal.  See Stafford v. Mesnick, 63 F.3d 1445, 1448 (7th Cir. 1995) ("The attorney seeking to withdraw must establish that his client consents or that a valid and compelling reason exists for the court to grant the motion over an objection."). Movants have not met this burden.

For the reasons given, Movants have neither satisfied the requirements of Local Rule AT-3 nor met their burden of proving the existence of good cause for withdrawal.  Accordingly, Movants' Motion to Withdraw (doc. # 28) is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

**DATED**:  San Antonio, Texas, May 10, 2013.

_____
David Alan Ezra
Senior United States District Judge